IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK DEPAUL and JUAN ALONSO GUTIERREZ,<br><br>Plaintiffs,<br><br>v.<br><br>TURNER PAVING & CONSTRUCTION, INC. and ROBERT SCOTT TURNER,<br><br>Defendants. | § § § § § § § § § § § § § | Civil Action No. H-09-853 |

## ORDER

Pending before the Court are Plaintiffs' Motion for Attorneys' Fees and Costs (Document No. 54) and Defendants' Motion to Strike Declaration of Richard J. (Rex) Burch and Opposition to Plaintiffs' Claim for Fees and Costs (Document No. 55). Having considered the motions, submissions, and applicable law, the Court determines that Plaintiffs' motion for attorneys' fees should be granted and Defendants' motion to strike should be denied.

## BACKGROUND

This is a case arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* Plaintiffs Mark DePaul ("DePaul") and Juan Alonso Gutierrez ("Gutierrez") (together "Plaintiffs") allege Defendants Turner Paving & Construction, Inc. and

Robert Scott Turner ("Defendants") failed to compensate them for overtime work in violation of the FLSA and retaliated against DePaul after he filed a complaint. On August 13, 2010, a jury returned a verdict in favor of Gutierrez and DePaul awarding Gutierrez $4,500.00 in damages and DePaul $50,304.00 in damages. Plaintiffs now move for attorneys' fees and costs.

Plaintiffs seek to recover $70,610.00 in attorneys' fees and $7,854.10 in costs for representation of Plaintiffs in connection with the underlying matter. Defendants contend there is no proof of attorneys' fees because the declaration Plaintiffs' rely upon for the attorneys fees was filed after the date expert reports were to be filed under the Rule 16 Scheduling Order. Alternatively, Defendants argue the amount of attorneys fees Plaintiffs' seek are unreasonable.

## STANDARD OF REVIEW

Attorneys' fees requests in the United States Court of Appeals for the Fifth Circuit are governed by the "lodestar" analysis. *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996); *Turner v. Oxford Mgmt. Serv., Inc.*, 552 F. Supp. 2d 648, 650 (S.D. Tex. 2008). The lodestar is the product of the number of hours reasonably expended on the litigation multiplied by the movant's attorneys' reasonable hourly billable rate. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996); *La. Power & Light Co. v. Kellstrom*, 50

2

F.3d 319, 331 (5th Cir. 1995).

In determining whether the amount of time expended on a matter is reasonable, courts are to review time records supplied by the movant and exclude from the lodestar calculation all time that is "excessive, duplicative, or inadequately documented." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (citing *Hensley*, 461 U.S. at 432). In setting a reasonable billing rate, courts are directed to consider the attorney's regular rates as well as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). Plaintiffs bear the burden of demonstrating that the hours expended and rates charged by counsel are reasonable. *See Hensley*, 461 U.S. at 427. Evidence of reasonableness of a proposed hourly rate must include an affidavit of the attorney performing the work and information about rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896. Appropriate rates can be determined through direct or opinion evidence about what local attorneys charge under similar circumstances. *Mo. v. Jenkins*, 491 U.S. 274, 283–84 (1989); *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292 (11th Cir. 1988).

Once the lodestar figure is determined, the court may adjust the figure upward or downward as necessary to make the award of attorneys' fees reasonable, while ensuring the fee award does not provide a windfall to the plaintiff. *See Hensley*, 461

3

U.S. at 429. Although courts have "broad discretion in setting the appropriate award of attorneys' fees," there is a strong presumption that the lodestar amount is reasonable and should be modified only in exceptional cases. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006).

In deciding whether to make an adjustment to the lodestar figure, the court is instructed to consider the factors articulated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). They include:

(1)     The time and labor required to represent the clients;

(2)     The novelty and difficulty of the issues in the case;

(3)     The skill requisite to properly perform the legal services;

(4)     Preclusion of other employment by the attorney due to acceptance of the case;

(5)     The customary fee charged for those services in the relevant community;

(6)     Whether the fee is fixed or contingent;

(7)     The time limitations imposed by the client or circumstances;

(8)     The amount involved and the results obtained;

(9)     The experience, reputation, and ability of attorneys;

(10)    The undesirability of the case;

4

(11)  The nature and length of the professional relationship with the client; and

(12)  Awards in similar cases.

*Id.* at 717–19.  The Court is to give "special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation, and ability of counsel." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).  But the most critical factor in the analysis is the "degree of success obtained." *Id.*; *see also Farrar v. Hobby*, 506 U.S. 103, 114 (1992); *Hensley*, 461 U.S. at 436.  Moreover, some of these factors are subsumed in the initial lodestar calculation. *See Saizan*, 448 F.3d at 800.  Thus, if the calculation of the lodestar figure already took a specific factor into account, the court cannot consider it to adjust the lodestar value. *Id.*  Doing so would be impermissible double counting. *Id.* at 800 (citing *Migis*, 135 F.3d at 1047).

## LAW & ANALYSIS

I.  Attorneys' Fees

A.  Expert Designation and Report

Defendants first claim the affidavit of Richard (Rex) Burch ("Burch"), attached to Plaintiffs' motion for attorneys' fees, should be struck because Plaintiffs did not designate Burch and serve a report to Defendants in compliance with the Rule 16

5

Scheduling Order which required Plaintiffs to designate their experts by October 1, 2009 and provide expert reports within sixty days after designation. Plaintiffs designated Burch on October 28, 2009 and did not submit a formal expert report to Defendants. But prior to the deadline—on June 1, 2009—in their Joint Discovery/Case Management Plan, Plaintiffs did notify Defendants that they would designate an expert for attorneys' fees. Additionally, Burch is a representative of the firm, Bruckner Burch PLLC (the "Firm"), that represented Plaintiffs in this litigation. Thus, an expert report is not required in this situation because he is not an expert who was "retained or specially employed to provide expert testimony" in this case. FED. R. CIV. P. 26(a)(2)(B); *Wright v. Blythe-Nelson, et al.*, Civil Action No. 399CV2522D, 2001 WL 804529, at *6 (explaining that attorneys' fees experts are typically treated differently from other experts because "attorneys who represent parties against whom such fees are sought are not surprised by expert testimony because they can usually expect that opposing counsel will attempt to prove his attorney's fees."); *see also Kondos v. Allstate Tex. Lloyds*, No. Civ. A. 1:03-CV-1440, 2005 WL 1004720, at *18 (E.D. Tex. Apr. 25, 2005). Moreover, because testimony regarding the reasonableness of attorneys' fees is handled after judgment, the Court can cure any prejudice that a party may face from a tardy designation. *Wright*, 2001 WL 804529, at *6.

6

Further, prevailing parties under the FLSA are granted attorneys' fees.  The FLSA provides: "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 28 U.S.C. § 216(b); *see also Prater v. Commerce Equities Mgmt. Co., Inc.*, Civil Action No. H-07-2349, 2008 WL 5140045, at *2 (S.D. Tex. Dec. 8, 2008).  This provision gives notice to Defendants that expert testimony regarding attorneys' fees would be presented if the Plaintiffs prevailed on their claims.  And, given the jury verdict and award in favor of Plaintiffs, neither party contends Plaintiffs did not prevail here.  For the foregoing reasons, the Court does not find prejudice occurred here, and accordingly, the Court denies Defendants' motion to strike Burch's testimony.

B.      Calculating the Lodestar Figure

Plaintiffs seek a total of $70,610.00 in attorneys' fees.  Defendants claim the attorneys' fees sought are unreasonable and should be reduced to "thirty to thirty-five per cent."  Because the lodestar figure is presumptively reasonable, the Court will first calculate it and then consider whether it should be reduced or increased. *Dague*, 505 U.S. at 562; *Saizan*, 448 F.3d at 800.

The lodestar figure is determined by multiplying the number of hours reasonably expended on litigation multiplied by a reasonable hourly rate. *Hensley*,

461 U.S. at 433–34; *Forbush*, 98 F.3d at 821.  This calculation provides an objective basis on which to make an initial estimate of the value of the lawyer's services. *Hensley*, 461 U.S. at 433.  Plaintiffs bear the burden of demonstrating that the hours expended and rates charged by counsel are reasonable.  *Id.* at 427.  Defendants bear the burden of rebuttal that "requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Blum*, 465 U.S. at 892 n.5. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.  *Id.* at 433.

        1.    *Hours Reasonably Expended on the Litigation*

Plaintiffs submitted a record of time spent on this matter.  The detailed records show Michael Burke ("Burke"), the lead attorney on this case, worked 232.45 hours and billed at a rate of $300 per hour.  David I. Moulton ("Moulton"), an associate attorney on this case, worked 3.5 hours and billed at a rate of $250 per hour. Defendants contend that the sum is unjustified because Plaintiffs seek attorneys' fees in excess of $20,000.00 of what the damages the jury awarded Plaintiffs.  In addition, Defendants state some of the entries are vague and generic.

First, it is not uncommon in FLSA cases for attorneys' fees requests to exceed the judgment in the case.  *See Prater*, 2008 WL 5140045, at *3 (citing *Powell v.*

8

*Carey Int'l, Inc.*, 547 F. Supp. 2d 1281, 1286 (S.D. Fla. 2008)). Moreover, the Court recently granted Plaintiffs' motion for liquidated damages, which doubled the judgment amount and increased it to an amount greater than the amount Plaintiffs' seek in attorneys' fees. Second, Plaintiffs submitted approximately eight pages of time entries, listing the tasks completed and time expended on the underlying litigation. This case commenced in early 2009 and culminated into a four-day jury trial. The Court took the jury's verdict, in favor of Plaintiffs, on the fifth day. After a detailed review of the submissions, the Court finds the tasks billed for are well-documented, sufficiently detailed, and reasonably appropriate for the underlying case and thus refuses to reduce the award. *See Hensley*, 461 U.S. at 433 ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."). Thus, the Court declines to reduce the number of hours for which Plaintiffs' request compensation.

### 2.    *Reasonable Hourly Rate*

In setting a reasonable billing rate, courts are directed to consider the attorney's regular rates as well as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 896. Burke has been licensed in Texas for more than ten years and an associate with the Firm since 2000 and Moulton has been licensed in Texas for more than four

9

years and an associate with the Firm since 2005. Additionally, earlier this year, United States District Judge Keith Ellison awarded attorneys' fees for Burke at the rate of $300 per hour in an FLSA case, which included time expended in the case over three years ago. *Rouselli v. Brinker Int'l, Inc.*, Civil Action NO. H-05-3733, 2010 WL 1881898, at *3 (S.D. Tex. Jan. 13, 2010). Thus, the Court finds the Plaintiffs have submitted sufficient evidence that the rate charged was reasonable.

The lodestar figure—232.45 hours of compensation for Burke multiplied by the rate of $300.00 and 3.5 hours of compensation for Moulton multiplied by his rate of $250—is $70,610.00. That is the amount Plaintiffs request for their legal fees. Thus, the Court must determine whether the lodestar figure should be adjusted pursuant to any of the *Johnson* factors.

B.   Adjusting the Lodestar Figure

Once the Court has computed the lodestar figure, the Court may adjust the lodestar upward or downward depending on the respective weights of the twelve factors articulated in *Johnson. Forbush*, 98 F.3d at 821; *see also Johnson*, 488 F.2d at 717–19. In addition to the arguments the Court already addressed, Defendants argue that Plaintiffs will receive a windfall if they receive the full lodestar calculation because they took the case on a contingent fee basis, and the amount they would have received on a contingency fee basis, which Defendants assume would be 33% is an

"unreasonable fee by any measure." The Court finds this argument unpersuasive.

Under the *Johnson* analysis, the Court considers the risk involved in attorneys taking

a case on contingency. While the contingency status of a case is not a basis for an

upward adjustment of the lodestar calculation, what an attorney would receive had

he been awarded his fees on a contingency is not guidance for the Court in

determining an award of attorneys' fees. *Dague*, 505 US. at 561 & 565–67. The

lodestar calculation is presumptively reasonable and courts only adjust this amount

if, after consideration of the *Johnson* factors, it is persuaded to do so.

Defendants do not address all of the *Johnson* factors and the Court need not

delineate reasons for its determination of the fee award under every single factor.

*See, e.g., Forbush*, 98 F.3d at 823 ("[a] district court's *Johnson* analysis . . . need not

be meticulously detailed"); *La. Power & Light Co.*, 50 F.3d at 331 (stating the district

court's findings need not "be so excruciatingly explicit in this area of minutiae that

decisions of fee awards consume more paper than did the cases from which they

arose"); *Diamond v. San Soucie*, 239 S.W.3d 428, 431 (Tex. App.—Dallas 2007, no

pet.) (noting a court need not consider all the factors; "the factors are general

guidelines for the court's consideration"). Additionally, some of the *Johnson* factors

are subsumed in the initial lodestar calculation and should not be reconsidered in

determining whether the lodestar figure should be adjusted. *See Saizan*, 448 F.3d at

11

800. For example, the Court considered the reasonable time it took the attorneys to represent Plaintiffs' in the underlying litigation and the skill of Plaintiffs' attorneys. After considering all of these factors, the Court declines to adjust the presumptively reasonable lodestar figure. *See City of Burlington,* 505 U.S. at 562 ("We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee . . . .") (quoting *Pa. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). Accordingly, the Court finds the initial lodestar figure—$70,610.00—is fair and reasonable.

## II.   Costs

Plaintiffs seek recovery of $7,854.10 in costs.  There is a strong presumption that a prevailing party will be awarded costs. FED. R. CIV. P. 54(d)(1); *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006).  The parties do not dispute Plaintiffs are the prevailing party in the underlying litigation.   Additionally, Defendants do not contest Plaintiffs request for costs.

Plaintiffs request the following taxable court costs: $350 for the filing fee; $2,079.50 for interpreters; $2,028.70 for deposition transcripts; and $649.58 for copying costs. 28 U.S.C. § 1920. Plaintiffs also request costs for litigation expenses not included in § 1920, including:  $23.95 for postage; $26.25 for a request to the United States Department of Labor under the Freedom of Information Act; $2,484.08

for computer legal research fees; $59.75 for parking expenses; $119.29 for trial

notebooks and exhibit binders; and $33.00 for courier fees. Because the Defendants

do not contest the costs Plaintiffs seek and because the Court finds the costs incurred

are reasonably related to the underlying litigation, the Court finds Plaintiffs should

recover $7,854.10 in costs.

## CONCLUSION

Accordingly, the Court hereby

ORDERS that Plaintiffs' Motion for Attorneys' Fees and Costs (Document

No. 54) is GRANTED. The Court further

ORDERS that and Defendants' Motion to Strike Declaration of Richard J.

(Rex) Burch and Opposition to Plaintiffs' Claim for Fees and Costs (Document

No. 55) is DENIED.

SIGNED at Houston, Texas, on this **4** day of November, 2010.

DAVID HITTNER
United States District Judge

13